UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMERA HICKMAN-WISE, et al.,<br>Plaintiffs,<br>v.<br>1LIFE HEALTHCARE, INC.,<br>Defendant. | Case No. 26-cv-06142-RFL<br>**ORDER CONSOLIDATING CASES AND APPOINTING INTERIM CLASS COUNSEL**<br>Re: Dkt. Nos. 8, 30 |

Upon consideration of Plaintiffs' Motion for Consolidation (Dkt. No. 8) and Motion for Appointment of Interim Class Counsel (Dkt. No. 30), the Court GRANTS the motions and HEREBY ORDERS as follows:

**A. <u>Motion for Consolidation</u>**

1. The following matters shall be consolidated for all purposes including pretrial proceedings and trial, under the above-captioned action (the "Consolidated Action"), pursuant to Federal Rule of Civil Procedure 42(a): *Best v. 1Life Healthcare, Inc. dba One Medical, a Delaware corporation; and Does 1 through 10, inclusive*, 3:26-cv-06145 ("*Best*") (filed on June 19, 2026), *Whiting v. 1Life Healthcare, Inc. d/b/a One Medical*, 3:26-cv-06161 ("*Whiting*") (filed on June 22, 2026), *Askins v. 1Life Healthcare, Inc. d/b/a One Medical*, 3:26-cv 06166 ("*Askins*") (filed on June 22, 2026), *Ardi v. 1Life Healthcare, Inc. d/b/a One Medical*, 3:26 cv-06189 ("*Ardi*") (filed on June 23, 2026), and *McDoungal v. 1Life Healthcare, Inc. d/b/a One Medical*, 3:26-cv-06278 ("*McDoungal*") (filed on June 23, 2026), *Thurber v. 1Life Healthcare, Inc. d/b/a/ One Medical*, 3:26-cv-06186 ("*Thurber*") (filed on June 22, 2026), and *Saunders v.*

*1Life Healthcare, Inc., d/b/a/ One Medical*, 3:26-cv-07053 ("*Saunders*") (filed on July 10, 2026) (together, the "Related Actions").

2. All papers in the Consolidated Action shall be filed under Case No. 3:26-cv-06142, the number assigned to the Consolidated Action, and shall bear the following caption:

| | |
|---|---|
| IN RE 1LIFE HEALTHCARE, INC. D/B/A ONE MEDICAL DATA BREACH LITIGATION<br><br>This Document Relates To: | Master File No. 3:26-cv-06142-RFL |

3. The case file for the Consolidated Action will be maintained under Master File No. 3:26-cv-06142. When a pleading is intended to apply to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption described above. When a pleading is not intended to apply to all actions, the docket number for each individual action to which the paper is intended to apply and the last name of the first-named plaintiff in said action shall appear immediately after the words, "This Document Relates To:" in the caption identified above, e.g., "3:26-cv-07053 (*Saunders*)"

4. The Clerk of Court is directed to administratively close the Related Actions. All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

5. Any other action arising out of the same or similar operative facts and seeking relief on class or representative basis now pending or hereafter filed in, removed to, or transferred to this District, and which the Court finds related to the Consolidated Action, shall be consolidated for pre-trial purposes pursuant to Rule 42(a). The parties shall file a Notice of Related Action whenever a case that they believe should be consolidated into this action is filed in, transferred to, or removed to this District.

6. If the Court determines that the case is related, the clerk shall:

a. Place a copy of this Order in the separate file for such action;

b. Serve on Plaintiffs' counsel in the new case a copy of this Order;

c. Direct that this Order be served upon Defendant(s) in the new case; and

d. Make appropriate entry in the Master Docket.

**B. <u>Motion for Appointment of Interim Class Counsel</u>**

7. Having considered the Motion for Appointment of Interim Class Counsel, the supporting Joint Declaration, the record, and the factors set forth in Federal Rule of Civil Procedure 23(g)(1)(A), the Court finds the proposed counsel qualified and the requested structure appropriate. The Court finds that Israel David of Israel David LLC; Thiago M. Coelho of Wilshire Law Firm, PLC; and John J. Nelson of Milberg, PLLC (a) thoroughly investigated the underlying facts, led early case management efforts, and organized parties in the Related Actions before the Court; (b) possess extensive experience with data privacy class actions involving data breaches and have tailored knowledge of the relevant law; (c) have the resources to represent the class effectively throughout the entirety of the litigation; and (d) have experience working cooperatively in data privacy class actions and a plan to work collaboratively and efficiently. Israel David of Israel David LLC; Thiago M. Coelho of Wilshire Law Firm, PLC; and John J. Nelson of Milberg, PLLC are therefore appointed Interim Class Counsel in this Consolidated Action pursuant to Federal Rule of Civil Procedure 23(g).

8. The Court appoints M. Anderson Berry of Emery Reddy, PC as Liaison Counsel.

9. The Court appoints Amber L. Schubert of Schubert Jonckheer & Kolbe LLP; Raina Borrelli of Strauss Borrelli PLLC; Kristen Lake Cardoso of Kopelowitz Ostrow Ferguson Weiselberg Gilbert P.A.; Gerald D. Wells, III of Lynch Carpenter LLP; and Melissa G. Meyer of Levi & Korsinsky, LLP to the Executive Committee.

10. Interim Co-Lead Counsel shall coordinate and supervise Plaintiffs' litigation, communicate with the Court and counsel on matters affecting the related actions as a whole, assign work, and monitor time and expenses to avoid duplication. Liaison Counsel shall perform

assigned administrative and communication functions. Executive Committee members shall perform only work assigned or approved by Interim Co-Lead Counsel and shall not exercise independent decision-making authority.

11. Interim Co-Lead Class Counsel shall have sole authority to communicate with Defendant's counsel and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with Interim Co-Lead Class Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

12. Each appointment is personal to the attorney named, is supported by that attorney's firm, and is subject to the attorney's admission to practice before this Court. No substitution may be made without prior Court approval. The appointments remain interim and subject to modification until the Court appoints class counsel or orders otherwise.

13. This Order shall apply to any action filed in, transferred to, or removed to this Court, that has been ordered to be treated as a related case under Local Rule 3-12. All other plaintiffs' counsel in this litigation and related cases are prohibited from taking any action on behalf of the putative class without advance authorization from Interim Class Counsel, except for an application to modify or be relieved from this Order. Interim Class Counsel shall serve a copy of this Order on counsel for plaintiffs in any related action not yet consolidated.

14. Plaintiffs shall file a Consolidated Complaint no later than fourteen (14) days following the entry of this Order.

**IT IS SO ORDERED.**

Dated: August 28, 2026

RITA F. LIN
United States District Judge